IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

ROBERT KING VIA, JR.,
    Plaintiff,

v.                                                           Civil No. 3:20cv511 (DJN)

BETH CABELL, *et. al.*,
    Defendants.

**MEMORANDUM OPINION**

Robert King Via, Jr. ("Plaintiff"), a Virginia inmate proceeding *pro se* and *in forma pauperis* filed this 42 U.S.C. § 1983 action. (ECF No. 1.) This matter comes before the Court on the Partial Motion to Dismiss filed by Defendants Cabell, Vandermark and Johnson ("Defendants"), and the Court's ongoing screening obligations under 28 U.S.C. §§ 1915(e)(2). For the reasons discussed below, the Partial Motion to Dismiss (ECF No. 26) will be GRANTED. This action will be dismissed for failure to state a claim and as legally frivolous.

**I.     LEGAL STANDARD**

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A (setting forth grounds for dismissal). The first standard includes claims based upon "an indisputably meritless legal theory," or claims where the "factual contentions are clearly baseless." *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard borrows the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, the Court takes a plaintiff's well-pleaded allegations as true and views the complaint in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (citation omitted). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). For a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the

elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir. 1978), it will not act as the inmate's advocate and develop, *sua sponte*, statutory and constitutional claims that the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring) (indicating an unwillingness to "require[e] district courts to assume the role of advocate for a *pro se* plaintiff" by addressing unraised issues); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. ALLEGATIONS AND CLAIMS

In his Complaint, Plaintiff names as Defendants, Beth Cabell, the Warden of Sussex II State Prison ("SIISP"), as well as Officers Vandermark and Johnson, who apparently worked at SIISP during the relevant time frame. (ECF No. 1, at 1–2.)[1] Plaintiff alleges the following:

> My appeal for my current charges was denied by the VA Supreme Court on April 28, 2020. I have 12 months to complete my habeas corpus, so immediately I began the necessary research by submitting a law library request on May 4. I requested my habeas corpus paperwork, with a couple case laws. May 11, I received the habeas corpus, but not the case laws. So, on the night of May 11, I sent another request to get those case laws. On May 15, I filed my first informal complaint about not receiving my requested case laws, from my May 4th request. May 18, I sent a third request for the same cases. May 25, I filed a second complaint. They filed it May 27 and I got it back June 1. On the night of June 1, I attached my first informal complaint to a grievance, which was my complaint for May 15. I'd received both informal complaints on June 1. The first informal complaint was responded to by "OPS Vandermark," but my 2nd complaint was filed by "R. Johnson." Vandermark's response to my May 15 complaint was, "all courts are closed, and deadlines have been pushed." The May 15 informal complain is the one I attached to my grievance. I never got a response on that grievance. As for my 2nd complaint, the "next action date" was June 11, which nothing happened on

---

[1] The Court employs the pagination assigned by the CM/ECF docketing system. The Court corrects the capitalization, spelling, spacing, and punctuation in the quotations from the Complaint. The Court omits any paragraph numbering, miscellaneous headers or symbols, and emphasis in its recitation of the Complaint.

> June 11. I gave my grievance with the initial complaint to my building Sgt. Brown, who she said she turned it in. After my requests and complaints and grievances went ignored, I wrote a letter to the warden, which was my unit manager's idea, which I did. I gave a hand-written letter enclosed in an envelope to Unit Manager Perkins on June 16. During his time in the pod passing out commissary, he said he hand delivered my letter to her personally. It has been 3 weeks and the warden ignored my letter for help.
>
> [SIISP] and its certain staff has denied me legal research to prepare for my habeas corpus. I've waited 3 months filing and waiting for paperwork. I only had 12 months to file my habeas and this prison is violated my rights to get access to do legal research. All I want is to receive the requested case laws and rules, so I can prepare my habeas corpus. Every day I have to waste waiting for them to do their job or having to file paperwork to the court for them no doing their job just takes away from the time I have left to file my habeas corpus.
>
> I have listed Officer R. Johnson in my complaint because he/she is who filed my second informal complaint, which was never followed upon with. It went ignored. I named "OPS Vandermark" because he/she is who responded to my May 15 informal complaint that "the courts are closed, and deadlines pushed" in a response to the prison's refusal to send me the requested case laws. I named "Warden Beth Cabell" because I wrote her a direct letter, pleading for her help to assist me in getting legal work to prepare my habeas corpus. There are possibly other officers who are responsible, but I am not aware of their names. . . .
>
> I understand the Covid-19 crisis, and even [SIISP] has had to restrict how it operates, but as of April, I had 12 months to complete my habeas corpus, and when that time runs out due to my prison's failure to respond to my request for legal info, it will be myself who gets punished with a time bar. Even now, as I write the complaint to your court, I am using up priceless time that I should be putting towards my habeas corpus petition, not a complaint against my prison for its failure to provide me with legal research.

(*Id.*, at 5–6.) Based on the above, the Court construes Plaintiff's Complaint as alleging that the Defendants violated his rights by failing to provide him with access to legal materials. (*Id.*)

### III.   ANALYSIS

In their Partial Motion to Dismiss, Defendants argue that "Via's allegations fail to identify how [Defendants'] conduct violated Via's constitutional rights." (Mem. in Supp. Defs.' Part. Mot. to Dismiss (ECF No. 27) at 2.) The Court agrees with Defendants. Plaintiff's allegations do not specifically state what constitutional right the Defendant's conduct allegedly violated. Indeed, Plaintiff does not even specify that his lawsuit attempts to vindicate a

constitutional right, as opposed to one created by an institutional policy, or some other authority. To the extent that Plaintiff alleges that Defendants have violated some right purportedly bestowed upon him by some institutional policy, violations of prison operating procedures do not implicate constitutional rights and are not cognizable under § 1983. *See Riccio v. Cty. of Fairfax*, 907 F.2d 1459, 1469 (4th Cir. 1990) (holding that "state-created procedures" do not define the standard for due process).

Further, to the extent that Plaintiff's Complaint could be liberally construed to allege a constitutional violation, the Court must note that inmates do not enjoy an "abstract, freestanding right to a law library or legal assistance." *Finch v. Miller*, 491 F.3d 424, 427 (8th Cir. 2007) (quoting *Lewis v. Casey*, 518 U.S. 343, 351 (1996)). Rather, Plaintiff must show that his allegedly inadequate access to legal materials violated his constitutional right to access to the courts. *See Akins v. United States*, 204 F.3d 1086, 1090 (11th Cir. 2000) (observing that "[t]he mere inability of a prisoner to access the law library is not, in itself, an unconstitutional impediment").

In order to establish a case of denial of access to the courts, a plaintiff must identify with specificity an actual injury to non-frivolous litigation. *See Cochran v. Morris*, 73 F.3d 1310, 1317 (4th Cir. 1996). "This requires the inmate to come forward with something more than vague and conclusory allegations of inconvenience or delay in his instigation or prosecution of legal actions." *McCoy v. Clarke*, 2013 WL 4749912, at *2 (E.D. Va. Sept. 3, 2013) (citations omitted) (internal quotation marks and alteration omitted).

Plaintiff's Complaint completely lacks any allegations concerning an actual injury to non-frivolous litigation. While Plaintiff mentions a habeas corpus petition that he intends to pursue, he has not described the claims that he plans to raise, much less established that they are

non-frivolous. Further, even if Plaintiff could have pointed to some non-frivolous claim that he would like to raise, Plaintiff has failed to demonstrate that he has suffered any actual harm to his ability to file his habeas corpus petition, or otherwise raise those claims.

The right of access to the courts is "ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (holding that "the underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation"). Because Plaintiff fails to allege facts that plausibly suggest an actual injury to non–frivolous litigation his claims, the action will be DISMISSED as legally frivolous and for failure to state a claim.

## IV. CONCLUSION

For the foregoing reasons, the Partial Motion to Dismiss (ECF No. 26) will be GRANTED. Plaintiff's claims will be DISMISSED for failure to state a claim and as legally frivolous. The action will be DISMISSED. The Clerk will be DIRECTED to note the disposition of the action for purposes of 28 U.S.C. § 1915(g).

Let the Clerk file a copy of this Memorandum Opinion electronically and send a copy to Plaintiff and counsel of record.

An appropriate Order shall issue.

/s/
David J. Novak
United States District Judge

Richmond, Virginia
Dated: January 26, 2022